The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Berger and the briefs and oral argument before the Full Commission. Plaintiffs attorney did not appear for oral argument. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner, with modifications.
 * * * * * * * * * * *
Prior to the hearing before the Deputy Commissioner, the parties entered into a Pre-Trial Agreement. This Pre-Trial Agreement is incorporated herein by reference. Following the hearing before the Deputy Commissioner, the record was held open in order to allow the parties to conduct medical depositions of Dr. Rapchick and Dr. Chang. Upon the completion of the medical depositions of Dr Rapchick and Dr. Chang, the record in this matter was closed on September 21, 1999.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. It is stipulated that all parties have been correctly designated and that there is no question as to the misjoinder or nonjoinder of parties.
3. The date of employees alleged onset of a respiratory condition is December 29, 1995.
4. At the time of the onset of employees respiratory condition, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act, and there was an employer/employee relationship between the parties with defendant-employer being self-insured.
5. A set of records marked as stipulated exhibit 1 was received into evidence.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and the reasonable inferences arising therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 60 years old and had been employed by the defendant for close to 3 years as a child welfare supervisor. Plaintiff has had a history of breathing problems following the removal of part of her lung due to cancer. Prior to this surgery, plaintiff had smoked cigarettes for approximately thirty years.
2. Plaintiff had a pre-existing chronic pulmonary disease condition and/or a chronic asthmatic condition prior to her employment with defendant.
3. Plaintiffs exposure to second hand smoke in the workplace temporarily aggravates plaintiffs pre-existing asthmatic condition.
4. Plaintiffs exposure to second hand smoke in confined areas such as stores and other persons homes, places the plaintiff at an equal risk in sustaining an asthmatic attack as compared to plaintiffs exposure to second hand smoke in her workplace while employed by the defendant.
5. Plaintiffs asthmatic attacks triggered by exposure to second hand smoke while at work lessens and resolves when she is not at work.
6. Plaintiffs inability to earn any wages during her two periods of hospitalization was the result of her own personal sensitivity to second hand smoke and not a result of conditions peculiar to plaintiffs workplace.
7. There is insufficient evidence to support a finding that plaintiffs exposure to second hand smoke in the workplace placed her at an increased risk in aggravating her pre-existing asthmatic condition as compared to the public not so equally exposed.
8. Plaintiffs breathing problems resulting from temporary aggravations triggered by second hand smoke may have contributed to plaintiffs congestive heart failure. However, plaintiffs congestive heart failure was not a direct and natural result of a compensable occupational disease.
9. Dr. Joel Rapchik performed skin testing which revealed that plaintiff had a very strong reaction to dust mites, and plaintiff was instructed to obtain a dust mite mattress barrier as soon as possible, as well as instructed on dust precautions. On a follow-up visit, it was noted that plaintiff had not used dust precautions and had not purchased the dust mite mattress barrier and was more interested in obtaining Dr. Rapchiks written comments concerning exposure to tobacco smoke in the workplace than in following his advice concerning mitigating her medical condition.
10. Plaintiffs known congestive heart failure and cardiomyopathy also could have exacerbated her shortness of breath and other breathing problems.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has not suffered an occupational disease arising out of and in the course of the employment with the defendant. N.C. Gen. Stat. 97-53(13).
2. "Any disease is an occupational disease if it is due to causes and conditions particularly characteristic of the workers particular trade, occupation or employment, and if the disease is not one that the general public, outside of the particular employment, stands an equal risk of contracting. Thomason v.Fiber Industries, 78 N.C. App. 159, 161, 336 S.E.2d 632, 633
(1985), cert. denied, 316 N.C. 202, 341 S.E.2d 573
(1986). A disease is an occupational disease compensable under N.C. Gen. Stat. 97-53(13) if plaintiffs employment exposed him or her to a greater risk of contracting this disease than members of the public generally and "such exposure significantly contributed to, or was a significant causal factor in the diseases development. Perry v. Burlington Industries. Inc.,80 N.C. App. 650, 654, 343 S.E.2d 215, 218 (1986) quoting Rutledge v. TultexCorp., 308 N.C. 85, 101, 301 S.E.2d 359, 369-70 (1983).
3. In determining the role occupational exposure played in the development of the disease, the Commission may consider, in addition to expert medical testimony, factual circumstances which bear on the question of causation. Gay v. J. B. Stevens Company, 79 N.C. App. 324, 330-31, 339 S.E.2d 490, 494
(1986).
4. Where plaintiff does not prove that his or her particular employment conditions placed him or her at a greater risk than the general public of contracting a disease, plaintiff is not entitled to compensation under N.C. Gen. Stat. 97-53 (13). Here, where plaintiffs exposure to second hand smoke in confined areas such as stores and other persons homes, places the plaintiff at an equal risk in sustaining an asthmatic attack as compared to plaintiffs exposure to second hand smoke in her workplace while employed by the defendant.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiffs claim for compensation for the temporary aggravation of her pre-existing asthmatic condition is DENIED.
2. Each side shall pay its own costs.
3. Defendant shall pay an expert witness fee in the amount of $1,600.00 to Dr. Chang.
This 10th day of May 2000.
 S/ ____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ____________________ DIANNE C. SELLERS COMMISSIONER